UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DANIEL KISLIUK,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF FORT BRAGG, et al.,<br><br>    Defendants. | Case No. 23-cv-06358-RMI<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 22 |

Plaintiff Mr. Kisliuk, proceeding *pro se*, has filed this civil rights action under 42 U.S.C. § 1983 alleging that the City of Fort Bragg ("the City") and several of its police officers violated his constitutional rights under the Fourth and Fourteenth Amendments. First Amend. Compl. ("FAC") (Dkt. 21) at 7-8. On behalf of all Defendants, the City has filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defs.' Mot. (Dkt. 22). Plaintiff has filed a Response in Opposition (dkt. 23) and Defendants have filed a Reply (dkt. 24). All parties have consented to the jurisdiction of a magistrate judge. (Dkts. 8, 15). For the reasons stated below, Defendants' Motion to Dismiss is granted.

**BACKGROUND**

Mr. Kisliuk alleges the following facts: On April 13, 2023, Mr. Kisliuk was arrested by Officers Frank and McHugh of the Fort Bragg Police Department "with the assistance and supervision of" Captain O'Neal. FAC (Dkt. 21) at 3. Mr. Kisliuk was arrested, pursuant to a warrant, for illegally using a scanning device and for intimidating a witness. *Id.* The warrant for his arrest was based "solely on the allegations of Jessica Finch," who Mr. Kisliuk alleges is an unreliable witness because "she has a history of questionable illegal behavior" including "buying

or receiving stolen property," "using controlled substances," and "failing to appear, failing to do community service, and failing to pay," in proceedings before the Superior Court of Mendocino County. *Id.*

During the arrest, Officer Frank took Mr. Kisliuk's toothbrush "out of [his] mouth and slammed it on the ground…claiming they don't take biological objects into property." *Id.* at 4. Mr. Kisliuk was then transferred to a conference room at the police department, where the officers explained that they were in the process of obtaining a warrant to search Mr. Kisliuk's property for evidence of interference with police radio frequencies. *Id.* Shortly thereafter, at Captain O'Neal's direction, officers confiscated Mr. Kisliuk's phone and transported him to jail. *Id.*

Upon Mr. Kisliuk's release from jail, he discovered that his laptops and radio were seized by Officer McHugh pursuant to a search warrant. *Id.* Mr. Kisliuk alleges that the search warrant was based upon "false and otherwise irrelevant claims" made by Officer Beak. *Id.* at 5. Specifically, Officer Beak claimed that Mr. Kisliuk wore a "rifle plate carrier" to "the school shooting hoax," when in fact Mr. Kisliuk wore "a white button up shirt and a camouflage jacket." *Id.* Officer Beak's second allegedly untrue statement was that Mr. Kisliuk "hung up on a dispatcher after she heard the sound of [his] radio." *Id.* Mr. Kisliuk admits that he hung up on a dispatcher but clarifies that he "hung up after [he] realized an officer had finally shown up to the scene regarding this aggressive drug addict that was yelling." *Id.* Mr. Kisliuk concedes that "these false statements don't change much by themselves" but insists that they "show that Officer Beak had malicious intent." Although Mr. Kisliuk alleges that Officer Beak made "other outlandish claims" he acknowledges that he cannot "prove them to be false." *Id.*

The search warrant authorizing the seizure of his laptops and radio did not list Mr. Kisliuk's phone as subject property. *Id.* As such, Mr. Kisliuk returned to the Police Department to recover his phone, but the police refused to give it to him. *Id.* Instead, "they procured another search warrant to account for [Mr. Kisliuk's] phone." *Id.*

Mr. Kisliuk alleges that the warrants at issue—for his arrest and the subsequent search and seizure of his laptops, radio, and phone—are unconstitutional because they are based on lies perpetrated by Officer Beak, the incredible testimony of Jessica Finch, and, with respect to the

seizure of his phone, were issued *post hoc* to justify an earlier illegal seizure. *See id.* at 7-8.  Mr. Kisliuk requests relief in the form of compensatory and punitive damages amounting to 2.75 million dollars, and injunctive relief against Captain O'Neal, relieving him of his duties at the Police Department and instituting a restraining order against him.

Mr. Kisliuk's Statement of Facts discusses several other incidents which appear to be unconnected to his Fourth and Fourteenth Amendment claims. Among these are allegations that Mr. Kisliuk was arrested on February 29, 2022 by Officer O'Neal and that the Fort Bragg Police Department, or officers thereof, told two hotel owners not to rent rooms to Mr. Kisliuk. *See id.* at 4, 5. However, Mr. Kisliuk does not connect these allegations to the claims arising from his April 13 arrest or to any other violations of state or federal law, and as such, the court does not address them below.[1]

## LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Federal Rules do not require "detailed factual allegations," plaintiffs must state "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The "facial plausibility standard" asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Instead, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

On a motion to dismiss pursuant to Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accepting all properly pleaded factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *See e.g.*, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *see also Everest & Jennings, Inc. v. Amer. Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). However, courts are not required to presume the truth of inferences that are

---

[1] If Mr. Kisliuk believes these events give rise to separate causes of action or are connected to the Fourth and Fourteenth Amendment claims at issue today, he may clarify as much on amendment of his Complaint.

1  unreasonable or of conclusory legal statements cast as factual allegations. *See Western Mining*
2  *Council v. Watt*, 643 F.2d 618 (9th Cir. 1981); *Miranda v. Clark Cty., Nev.*, 279 F.3d 1102, 1106
3  (9th Cir. 2002) ("[C]onclusory allegations of law and unwarranted inferences will not defeat a
4  motion to dismiss for failure to state a claim."); *see also Sprewell v. Golden State Warriors*, 266
5  F.3d 979, 987 ("Nor is the court required to accept a s true allegations that are merely conclusory,
6  unwarranted deductions of fact, or unreasonable inferences.") *as amended*, 275 F.3d 1187 (9th Cir.
7  2001).

8      *Pro se* litigants are entitled to liberal construction of their pleadings. *Eldridge v. Block*, 832
9  F.2d 1132, 1137 (9th Cir. 1987) ("[T]he allegations of [a *pro se* litigant's complaint] however
10 inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers.");
11 *see also Hoffman v. Preston*, 26 F.4th 1059, 1063 (9th Cir. 2022) ("We construe *pro se* complaints
12 liberally and afford the petitioner the benefit of any doubt."). However, even a liberal construction
13 of a complaint "may not supply essential elements of the claim that were not initially pled."
14 *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014) (citing *Pena v. Gardner*, 976 F.2d 469, 471
15 (9th Cir. 1992)).

16     When a complaint is dismissed for failure to state a claim, "leave to amend should be
17 granted unless the court determines that the allegation of other facts consistent with the challenged
18 pleading could not possibly cure the deficiency." *Schreiber Dist. Co. v. Serv-Well Furniture Co.*,
19 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.
20 2012) ("A district court should not dismiss a *po se* complaint without leave to amend unless it is
21 absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

22     **DISCUSSION**

23     As an initial matter, Mr. Kisliuk has failed to state a claim against the City of Fort Bragg
24 because he has not alleged that the City had a "policy, custom, or practice" that caused the
25 constitutional violations at issue. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 558 (9th Cir.
26 2018) (quoting *Streit v. Cty. of Los Angeles*, 236 F.3d 552, 559 (9th Cir. 2001)). A local
27 government may be held liable for constitutional torts committed by its officials under § 1983 only
28 when they are the result of a municipal policy, practice, or custom. *See Monell v. Dep't Soc. Servs.*

*City of New York*, 436 U.S. 658, 690-91 (1978). As such, plaintiffs must "go beyond the respondeat superior theory of liability and demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local government unit." *Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016); *see also Pasadena Republican Club v. Western Justice Ctr.*, 985 F.3d 1161, 1172 (9th Cir. 2021). Mr. Kisliuk has not made any allegations that the City of Fort Bragg has a "policy, practice, or custom" responsible for the constitutional violations alleged in his Complaint. Accordingly, the claims against the City are **DISMISSED** with leave to amend in accordance with this order.

To assert a § 1983 claim against Officers Beak, Frank, and O'Neal in their individual capacities, Mr. Kisliuk must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Mr. Kisliuk's claims against all three Officers fail because he has not alleged sufficient facts to support the reasonable inference that the Defendants violated the Constitution or other federal law.

Mr. Kisliuk's Fourth and Fourteenth Amendment claims against Officers Beak and Frank challenge the validity of warrants authorizing his April 13 arrest and the search and seizure of his laptops and radio. Plaintiff asserts that Officer Beak "lied in his statement of probable cause" and that his "fabricated and/or baseless" claims deceived the issuing judge and render the search warrant unconstitutional. FAC (Dkt. 21) at 7. As for Officer Frank, Mr. Kisliuk alleges that Jessica Finch was an unreliable witness because of her history of criminal activity and drug use, and thus, Officer Frank should not have sought a warrant for Mr. Kisliuk's arrest based on Ms. Finch's allegations. *Id.*

An affidavit proffered in support of a requested search warrant is presumed valid. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). To rebut the presumption of validity, the party challenging the warrant must "make a substantial preliminary showing that: (1) the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant, and (2) the false or misleading statement or omission was material, *i.e.*, necessary to finding probable cause." *United States v. Kvashuk*, 29 F.4th 1077, 1088 (9th Cir. 2022) (internal quotation marks

and citations omitted); *see also United States v. Norris*, 942 F.3d 902, 910 (9th Cir. 2019); *Hervey v. Estes*, 65 F.3d 784, 789 (9th Cir. 1995) (holding that a plaintiff "alleging judicial deception must make a substantial showing of deliberate falsehood or reckless disregard for truth and establish that, but for the dishonesty, the challenged action would not have occurred." (internal citations and quotation marks omitted)). Importantly, "[a]llegations of negligence or innocent mistake are insufficient." *Franks*, 438 U.S. at 171. When a plaintiff challenges an underlying affidavit in a § 1983 action, the Complaint must contain factual allegations that demonstrate requirements outlined in *Franks*. *See Leubner v. Cty. of Lake*, No. 18-cv-05654-PJH, 2020 WL 3414666 at *4-5 (N.D. Cal. June 22, 2020). Further, and consistent with the pleading standards of the Federal Rules, conclusory allegations of deliberate falsehoods are insufficient to rebut the presumption that the subject affidavit is valid. *See id.* at *5 (quoting *Franks* for the proposition that "any allegations of deliberate falsehoods in the subject affidavit must be accompanied by an offer of proof" and should "point out specifically the portion of the warrant affidavit that is claimed to be false…accompanied by a statement of supporting reasons").

Here, Mr. Kisliuk's does not allege any specific factual content supporting his conclusory allegations that Officer Beak lied in his statement of probable cause. Even granting Mr. Kisliuk the benefit of liberal construction, and assuming his conclusory allegations to be true—an assumption the court is not required to make (*see Sprewell*, 266 F.3d at 987)—Mr. Kisliuk fails to establish that Officer Beak's alleged misrepresentations were material to the judge's probable cause determination. Indeed, given Mr. Kisliuk's admission that Officer Beak's alleged misrepresentations "don't change much by themselves" and that he "cannot prove them to be false," the court doubts that amendment of the Complaint will be fruitful. However, it is not "absolutely clear that the deficiencies of the complaint [can] not be cured by amendment." *Akhtar*, 698 F.3d at 1212. Accordingly, Mr. Kisliuk's claims against Officer Beak are **DISMISSED** with leave to amend. On amendment, Mr. Kisliuk is directed to plead facts supporting his allegations that Officer Beak lied and demonstrating that Officer Beak's lies were material to the probable cause determination.

With respect to Mr. Kisliuk's claims against Officer Frank, Mr. Kisliuk does not allege that

1  Officer Frank purposefully withheld pertinent information about Ms. Finch's criminal history
2  from the issuing judge, but rather that Officer Frank should have known about her criminal history
3  because it was readily available in court records. *See* FAC (Dkt. 21) at 5. Though it may be
4  prudent for officers to check an informant's background and criminal record, "their failure to do so
5  is not reckless disregard." *United States v. Miller*, 753 F.2d 1475 (9th Cir. 1985). Additionally, an
6  informant's history of criminal activity and drug use does not automatically render a warrant
7  invalid. *See United States v. Meling*, 47 F.3d 1546, 1555 (1995) (holding that an informant's
8  history of forgery and fraud did not render his testimony incredible where corroborating evidence
9  was presented in the statement of probable cause); *see also United States v. Reeves*, 210 F.3d
10 1041, 1045 (9th Cir. 200) (quoting *United States v. Hall*, 113 F.3d 157, 160 (9th Cir. 1997) for the
11 proposition that an informant's history of crimes involving dishonesty, deliberately omitted from
12 the judge's review, may raise a colorable *Franks* claim, but other, "more serious crimes" are
13 "beside the point."). Mr. Kisliuk must allege not only that Officer Frank misrepresented or
14 withheld pertinent facts regarding Ms. Finch's credibility, but also that those facts were material to
15 the probable cause determination. *See id.; Franks*, 438 U.S. at 171. Mr. Kisliuk's vague and
16 conclusory assertions that Ms. Finch's criminal history makes her an incredible witness fail to
17 allege the requisite elements to establish a claim against Officer Frank. As such, Mr. Kisliuk's
18 claims against Officer Frank are **DISMISSED** with leave to amend in accordance with this order.

19     As to Mr. Kisliuk's claims that his phone was improperly seized, police officers may seize
20 an arrestee's phone incident to a lawful arrest. *Riley v. California*, 573 U.S. 373, 388 (2014); *see
21 also United States v. Robinson*, 414 U.S. 218, 235 (1973) ("A custodial arrest of a suspect based
22 on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being
23 lawful, a search incident to the arrest requires no additional justification."). To search the phone
24 itself—that is, its digital data rather than its physical attributes—officers must obtain a warrant. *Id.*
25 at 401. Mr. Kisliuk alleges that his phone was seized upon his arrest and transport to jail, and that
26 the officers later sought a warrant to justify this seizure. FAC (Dkt. 21) at 9. However, Mr.
27 Kisliuk's Complaint describes officers acting in accordance with the law. The officers were well
28 within the bounds of the Fourth Amendment when they seized his phone incident to a lawful

arrest, and it was appropriate for the officers to hold the phone while seeking a warrant to search its digital contents. *See Riley*, 573 U.S. at 388, 401. Accordingly, Mr. Kisliuk has failed to state a claim regarding the confiscation of his phone and all claims against Officer O'Neal for ordering its confiscation are **DISMISSED** with leave to amend.

Finally, Mr. Kisliuk alleges that Officer Frank destroyed his toothbrush, and in so doing, violated his Fourteenth Amendment right to due process. FAC (Dkt. 21) at 8. However, "unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Mann v. City of Tucson, Dep't of Police*, 782 F.2d 790 (9th Cir. 1986). Thus, to sustain a claim under the Fourteenth Amendment, Mr. Kisliuk must allege not only that his property was intentionally destroyed, but also that there exists no meaningful postdeprivation remedy for the loss. *Id.* Even assuming the Complaint sufficiently alleges intentional destruction, Mr. Kisliuk does not allege any facts regarding avenues for postdeprivation relief, and thus, has failed to state a claim for violation of his procedural due process rights. This claim is therefore **DISMISSED** with leave to amend.

To the extent that Mr. Kisliuk claims that his substantive due process rights were violated, he has failed to state a claim upon which relief may be granted. Where government behavior is governed by a specific constitutional amendment, § 1983 claims alleging unlawful government action must be evaluated under that specific constitutional provision, rather than under the rubric of substantive due process. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (affirming dismissal where claim for unlawful seizure was brought pursuant to the Fourteenth rather than the Fourth Amendment); *see also Picray v. Sealock*, 138 F.3d 767, 770 (9th Cir. 1998) (same). Here, Mr. Kisliuk's claim regarding his toothbrush is better styled as a Fourth Amendment claim for unnecessary property destruction. Excessive or unnecessary destruction of property may violate the Fourth Amendment even where the underlying search was lawful. *United States v. Ramirez*, 523 U.S. 65, 71 (1998). "The destruction of property is 'meaningful interference' constituting a seizure under the Fourth Amendment, because the

destruction of property by state officials poses as much of a threat, if not more, to people's right to be 'secure ... in their effects' as does the physical taking of them." *Fuller v. Vines,* 36 F.3d 65, 68 (9th Cir.1994), *overruled on other grounds, Robinson v. Solano Cnty.,* 278 F.3d 1007, 1013 (9th Cir.2002) (internal quotation marks and citations omitted). As with any seizure under the Fourth Amendment, "[r]easonableness is the touchstone"; courts must "look to the totality of the circumstances to determine whether the destruction of property was reasonably necessary to effectuate the performance of the law enforcement officer's duties." *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose,* 402 F.3d 962, 975 (9th Cir.2005). Here, Mr. Kisliuk alleges that Officer Frank unnecessarily destroyed his toothbrush during his arrest. Assuming these allegations to be true, Mr. Kisliuk could possibly state a cognizable claim for relief under the Fourth Amendment, which renders his Fourteenth Amendment substantive due process claim untenable. *See Graham*, 490 U.S. at 395. Accordingly, Mr. Kisliuk's Fourteenth Amendment claim is **DISMISSED**. Mr. Kisliuk is directed to reallege his claim regarding the toothbrush as a violation of the Fourth Amendment.

## CONCLUSION

For the reasons stated above, the court **DISMISSES** all claims for failure to state a claim for which relief may be granted. Plaintiff is **GRANTED** leave to amend his Complaint in accordance with this order. Plaintiff shall file an amended complaint within 45 days of the date of this order. Plaintiff is **ORDERED** to plead all relevant facts and allegations anew. The instant Complaint is dismissed in its entirety; its provisions shall not be incorporated by reference into future filings.

**IT IS SO ORDERED.**

Dated: June 24, 2024

ROBERT M. ILLMAN
United States Magistrate Judge