UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

|  |  |
|---|---|
| DANIEL KISLIUK,<br><br>              Plaintiff,<br><br>       v.<br><br>CITY OF FORT BRAGG, et al.,<br><br>              Defendants. | Case No.  23-cv-06358-RMI<br><br>**ORDER OVERRULING OBJECTIONS AND DISMISSING CASE**<br><br>Re: Dkt. No. 67 |

A settlement conference was held in these two cases[1] on November 20, 2025, before the Honorable Sallie Kim, at which these cases were both settled in full. (*See* Min. Entry, Case No. 24-cv-03440, Dkt. 93; Min. Entry, Case No. 23-cv-06358, Dkt. 64.) Over a month later, Plaintiff filed a "Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)" in each case despite such a notice not being proper after Defendants' filed their answers. (*See* Notice, Case No. 24-cv-03440, Dkt. 96; Notice, Case No. 23-cv-06358, Dkt. 67.) Accordingly, the undersigned issued a conditional order of dismissal in each case allowing for the filing of objections.

The purpose of allowing objections is to allow a party to inform the court if the agreement was not properly executed or was otherwise materially violated, nullifying the settlement. The objection period is not intended to facilitate expressions of dissatisfaction with the agreement that was already made. Plaintiff has objected, but his objections are primarily related to his dissatisfaction with the timing of the payment of funds from the City of Fort Bragg. Plaintiff does

---

[1] Case No. 24-cv-03440 and Case No. 23-cv-06358 have the same procedural posture, and Plaintiff entered identical objections in both cases. As such, the court will enter this Order identically in the two cases.

<div style="writing-mode: vertical-lr">United States District Court<br>Northern District of California</div>

not assert that the agreement has not been executed—indeed, he states that it has been signed and he has been paid. (*See* Notice, Case No. 24-cv-03440, Dkt. 96 at 1; Notice, Case No. 23-cv-06358, Dkt. 67 at 1.) Instead, Plaintiff states that he now objects "[i]n light of the treatment Plaintiff received by defendants since the settlement conference." (*See* Notice, Case No. 24-cv-03440, Dkt. 96 at 1; Notice, Case No. 23-cv-06358, Dkt. 67 at 1.) Specifically, that treatment amounts to how long it took for him to receive the funds from the City of Fort Bragg: he says that he did not receive the proceeds until January 27, 2026. He contrasts that timeline with how long it took Defendant Mendocino County to issue him a check. He takes issue with the 34-day delay in time between when the City of Fort Bragg received his copy of the signed settlement and when they executed the agreement themselves.

The court finds these objections frivolous and OVERRULES them. Again, Plaintiff does not assert that the agreement has not been upheld; rather, he is upset with the timing of the payment. That it took approximately 68 days from the time of the settlement conference to receive his check from the City of Fort Bragg is not a proper basis to object to the entry of judgment in this case.

Plaintiff also argues that the agreement is unconscionable and asserts that he is homeless and was vulnerable and felt pressured at the settlement conference. Federal Rule of Civil Procedure 60(b) provides for reconsideration of a final judgment, order, or proceeding "upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." Plaintiff argues that the agreement was made while he was under duress. However, he only claims duress as to the portion of the agreement with the City of Fort Bragg despite entering into a settlement agreement with Mendocino County during the same negotiations. Moreover, this settlement was conducted and supervised by a judicial officer. The court finds Plaintiff's complaints here to be without merit.

Plaintiff also claims that the City of Fort Bragg made material misrepresentations and acted in bad faith. "Under Rule 60(b)(3), a district court may relieve a party from an order for fraud, misrepresentation, or misconduct by an opposing party." *Arebalo v. Apple, Inc.*, No. 5:19-

CV-03034-EJD, 2022 WL 588974, at *2 (N.D. Cal. Feb. 25, 2022). However, the alleged misrepresentations are all related to the timeliness of the execution of the agreement and Plaintiff's receipt of funds. The court finds that Plaintiff has failed to meet his burden to show that the delay in timing between the agreement and his receipt of the funds amounted to fraud, misrepresentation, or misconduct so as to nullify the fully executed and performed contract between the parties.

Finally, Plaintiff asserts that the agreement is unconscionable. This objection amounts to an expression of Plaintiff's regret. Again, he only objects to his agreement with the City of Fort Bragg despite reaching a substantially similar agreement with Mendocino County. It is also worth pointing out that Plaintiff himself filed the improper Notice of Dismissal in these two cases over a month after the settlement occurred. That Plaintiff may now wish that he had settled for more money (after he executed the agreements and received his funds) is not a basis to object to the entry of judgment in this case.

Accordingly, the court will enter a final judgment and this case is DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: May 4, 2026

ROBERT M. ILLMAN
United States Magistrate Judge

3